IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW ROBINSON,<br><br>　　　　Defendant.　　　　　　　　／ | No. CR 09-478 SI, CV 11-4874<br><br>**ORDER TO SHOW CAUSE WHY § 2255 PETITION SHOULD NOT BE DISMISSED AS UNTIMELY; ORDER RE: DISCOVERY** |

On June 5, 2009, defendant Matthew Robinson pleaded guilty to six counts of bank robbery in violation of 18 U.S.C. § 2113(a). Dkt. 27. On June 4, 2010, the Court sentenced Robinson to 60 months of incarceration. Def.'s § 2255 Motion at 2, Dkt. 45. On June 15, 2010, judgment was entered. Gov.'t Mot. to Dismiss, Ex. A (Under Seal). On August 29, 2011, Robinson filed a motion attacking his sentence pursuant to 28 U.S.C. § 2255. Dkt. 45.

On January 18, 2012, the government filed two motions: a Motion to Dismiss Defendant's Motion Attacking His Sentence, and a Motion Permitting Discovery, Finding Limited Waiver of Attorney-Client Privilege, And Other Relief. Dkts. 54 and 55. On February 6, 2012, the Court granted the government's request to extend its time to file an opposition to Robinson's § 2255 motion until 30 days after the Court disposed of the government's Motion Permitting Discovery. Robinson has not responded to either motion.

The government's Motion to Dismiss argues that Robinson's § 2255 motion is untimely. Section 2255 provides for a one year period of limitation from the date on which the judgment of conviction becomes final. *Id.* When a movant does not seek a direct appeal, as is the case here, the conviction becomes final fourteen days after entry of the district court's judgment. *See* Fed. R. App. P. 4(b);

*Rodriguez-Zamora v. U.S.*, 2012 WL 1978307 (E.D. Cal. Jun. 1, 2012) (*citing United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2000)). In this case, Robinson's conviction became final on June 29, 2010, fourteen days after judgment was entered. Robinson did not file his § 2255 motion until August 29, 2011, more than a year after his conviction became final.[1] Therefore, the government argues, his motion is time-barred. As noted, Robinson has not opposed the government's motion or otherwise argued why the statute of limitations should be equitably tolled. *See United States v. Battles*, 362 F.3d 1195, 1996 (9th Cir. 2004) (discussing equitable tolling in the context of § 2255 motions).

The government's second motion is in the alternative, and relates to its forthcoming opposition to Robinson's § 2255 motion. It is a Motion to Permit Discovery, requesting that the Court enter an order finding a limited waiver of Robinson's attorney-client privilege with his previous counsel. The government argues that because Robinson's § 2255 motion is predicated on ineffective assistance of counsel, it will be necessary for the government to speak with Robinson's previous attorney "to inquire of the subject matters raised by the defendant." Gov't Mot. Permitting Disc. at 2 (*citing Bittaker v. Woodford*, 331 F.3d 715, 718-19 (9th Cir. 2003).[2] In *Bittaker*, the Ninth Circuit noted the long-standing rule that "where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Id.* at 716 (*citing Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997). The court affirmed the entry by the district court of a protective order limiting use of the discovery resulting from the waived privilege to the habeas litigation. *Id.* at 727 ("[D]istrict courts have the obligation, whenever they permit discovery of attorney-client materials as relevant to the defense of ineffective assistance of counsel claims in habeas cases, to ensure that the party given such access does not disclose these materials, except to the extent necessary in the habeas proceeding . . ."). Upon motion by the government seeking

---

[1] As the government notes, even if the Court counts the statute of limitations period as being tolled from the date Robinson signed his motion, that date is August 5, 2011 – still more than a year after the judgment became final.

[2] Robinson's § 2255 motion argues, *inter alia*, that he "was not made aware that [he] could plea to part of a deal and take a different part to trial," and that his counsel "wouldn't fight for certain things that I wanted. He also promised me that I would receive all my prior time served since June 2008, which I did not receive." He also contends that he "wished to fight the amount of restitution $39,314 but plea to the actual charge. My attorney would not fight the restitution." Def.'s Mot. Attack Sent. at 3-4.

waiver of the privilege, the defendant may be given the opportunity to withdraw his claims of ineffective assistance of counsel. *See United States v. Zamora*, 2009 WL 1702733, *1 (E.D. Cal. Jun. 17, 2009). As with the Motion to Dismiss, Robinson has not responded to the government's Motion to Permit Discovery.

Because the statute of limitations is a threshold consideration, the Court finds it unnecessary to rule on the government's discovery motion until Robinson has responded to the motion to dismiss. As a matter of efficiency, Robinson may respond to both at the same time. The government's motions were filed January 18, 2012; however, Robinson has not filed any oppositions with the Court nor contacted it in any other way. Robinson is hereby **ORDERED TO SHOW CAUSE by August 27, 2012 why his § 2255 motion should not be dismissed as untimely**. In particular, Robinson must show that he is entitled to some equitable tolling of the one year statute of limitations for § 2255 motions. *See Battles*, 362 F.3d at 1996. In his response, Robinson may also inform the Court whether he would like to withdraw his ineffective assistance of counsel claims in light of the government's request for materials covered by the attorney-client privilege. If Robinson establishes a right to sufficient tolling such that his § 2255 motion is timely and does not withdraw his claims, the Court will grant discovery and issue a protective order allowing the government to seek the attorney-client privileged information, limiting its use to this habeas litigation only. *Bittaker*, 331 F.3d at 728.

**IT IS SO ORDERED.**

Dated: July 23, 2012

SUSAN ILLSTON
United States District Judge

3